**KANSAS CITY, Respondent,**

v.

**Raymond STREETER, Appellant.**

**No. WD 57273.**

Missouri Court of Appeals,
Western District.

June 27, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 2000.

Application for Transfer Denied
Oct. 3, 2000.

Joseph Y. Decuyper, Jr., Kansas City, for appellant.

Beth A. Murano, Kansas City, for respondent.

PAUL M. SPINDEN, Judge.

Raymond Streeter appeals the circuit court's judgment to convict him of eleven violations of Kansas City ordinances governing property maintenance. He complains that his due process rights were violated because the judge left the courtroom while the jury viewed photographs submitted as evidence. He also complains that the circuit court erred in overruling his motion for severance because the city wrongfully joined for trial violations allegedly occurring on four separate dates on three separate tracts. We affirm the circuit court's judgment.

In his brief, Streeter argues concerning his first point:

> [T]he trial court permitted the [c]ity to pass all of the photographs admitted into evidence to the jury.... After these exhibits were passed to the jury, the trial judge left the courtroom and could not [be] seen by counsel for Streeter or by Streeter.... The trial judge was absent from the courtroom at this time for approximately 3–5 minutes.... While the trial judge was absent from the courtroom, members of the jury were huddled together, talking to each other and pointing at these photographs.
>
> The trial judge does not remember leaving the courtroom.... Similarly, the transcript does not reflect a recess, or any indication that the trial judge left the courtroom.

Streeter is correct that nothing in the record supports his contention that the judge left the courtroom. He made no objections and made no other record to indicate that the judge was absent for any period.

The only record of the incident is Streeter's complaint to the judge that "some of the jurors are looking at the photographs[.] I would like you to admonish them they are not to form any opinions now until they hear all the evidence." The circuit court admonished the jurors that they should not be discussing the photographs with each other.

We, therefore, have no basis for reviewing the issue. In reviewing facts, "[w]e look only to the record. Counsel who want to preserve claims of error must make sure that [the occurrence] about which they complain [is] transcribed so that they may be included in the record on appeal." *Missouri Farmers Association v. Kempker*, 726 S.W.2d 723, 727 (Mo. banc 1987). To prompt our review of the issue, Streeter was obligated to object and to make a record of the judge's alleged absence. His failure to do either prohibits our review of his complaint.

We find no merit in Streeter's second claim that the circuit court erred in denying his motion to sever the eleven cases filed against him and to try them separately. Rule 23.05 permits joinder of two or more acts that "are connected or that constitute parts of a common scheme or plan." "Connected" is to be " 'joined or linked together [in] a series; having the parts or elements logically related[.]' " *State v. Morrow*, 968 S.W.2d 100, 109 (Mo. banc), *cert. denied*, 525 U.S. 896, 119 S.Ct. 222, 142 L.Ed.2d 182 (1998)(quoting a dictionary definition). "We favor the liberal joinder of criminal offenses." *Id.* "In prosecutions of ordinance violations, the rules of criminal procedure are to be applied."

*St. Louis County v. Afshari,* 978 S.W.2d 27, 28 (Mo.App.1998).

These offenses involved three tracts in the 5700 block of Troost. The offenses were virtually the same in character. The period covered by the allegations was May 12 to July 16, 1998. We do not discern an abuse of discretion by the circuit court in refusing to sever the offenses.

We, therefore, affirm the circuit court's judgment.

EDWIN H. SMITH, Presiding Judge, and JAMES M. SMART, Judge, concur.